Cite as 2023 Ark. App. 122

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-21-503

| | |
|---|---|
| | **Opinion Delivered** March 1, 2023 |
| APRIL JOHNSON<br>      APPELLANT/CROSS-APPELLEE | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTEENTH DIVISION |
| V. | [NO. 60DR-05-4859] |
| BRADLEY JOHNSON<br>      APPELLEE/CROSS-APPELLANT | HONORABLE MACKIE M. PIERCE, JUDGE |
| | REMANDED TO SUPPPLEMENT THE RECORD |

## WAYMOND M. BROWN, Judge

April Johnson appeals from the order of the Pulaski County Circuit Court that resolved issues of child support and contempt. On direct appeal, April argues the circuit court erred in (1) its findings regarding "commissions" and the enforcement of the 2007 child-support order; and (2) crediting voluntary payments against Bradley's arrearage. Bradley cross-appeals, arguing the circuit court erred in (1) retroactively calculating a bonus that was based on his total income; (2) finding him in contempt; and (3) awarding attorney's fees to April. Due to a deficient record, we cannot reach the merits of the parties' arguments at this time. Therefore, we must remand the case to supplement the record.

April and Bradley each take issue with the circuit court's findings as they relate to the award of child support based on Bradley's "additional income." Specifically important to each party's argument is the breakdown of additional income into categories of bonuses and commissions.

On October 21, 2020, following the July 24 hearing in the latest round of litigation between April and Bradley and the submission of posttrial briefs, the circuit court issued a letter opinion, stating, the following:

> I have had an opportunity to review and consider the pleadings, testimony, evidence, and post-trial briefs in this matter. I find the following by a preponderance of the evidence.
>
> [Bradley] shall receive credit for $71,332.00 in direct payments to [April] made between May 2009 and June 2020. However, both parties are advised that the Court will not give credit for any payments made outside of the Clearinghouse in the future. The Court adopts [Bradley's] argument that commissions and bonuses are separate and distinct forms of income. [Bradley] is ordered to pay twenty-five percent of his net bonuses, but not his commissions.
>
> The Court adopts [Bradley's] argument that [April] sat on her rights for roughly a decade and permitted [Bradley] to pay for multiple expenditures for the children. The doctrines of estoppel and laches apply and [April] shall not be entitled to any sums of support based upon bonuses prior to the filing of her motion on June 3, 2019. Her recovery shall consist of twenty-five percent of [Bradley's] net bonuses since the date of the filing of the motion, to be calculated by the attorneys. [Bradley] shall not receive any other specific credits for sums paid to Pleasant Valley Country Club on behalf of the children.
>
> [Bradley] is in willful contempt for his failure to timely submit his W-2 forms, failure to provide his tax returns, failure to provide the amounts of his bonuses, and failure to timely pay medical bills. [April] shall submit a fee petition on these issues for the Court's consideration.
>
> With regard to support from August 1, 2020 forward, the Court finds that the shared income model will apply. For purposes of determining [April's] gross income, the parties shall utilize only her income from her current employer. [Bradley's] request to average [April's] salary over a two year period is denied.
>
> Ms. Dickson and Mr. Rowan are directed to use the findings of this letter opinion to calculate the sum of net bonuses due to [April] since June 3, 2019 as well as the current support based upon the shared income model. Ms. Dickson will prepare a precedent with a copy to the Court and to Mr. Rowan, and Mr. Rowan will have five (5) days to object to the form of the precedent.

A clarification conference was held via Zoom on February 11, 2021. The parties sought clarification from the circuit court regarding the underpayment of base child support, the correct

2

amount of monthly child support owed by Bradley moving forward, and issues and calculations concerning Bradley's "additional income." It was Bradley's position that he owed no support other than the amount calculated from his salary because the court's letter opinion obligated him to pay a percentage of net bonuses, not commissions, from June 3, 2019, forward. He urged that the "additional income" category on joint exhibit number 2 included bonuses and commissions; however, for the pertinent years of 2019 and 2020, the total sum of additional income was all commission based. Bradley stated that for those years, he received no bonus income. Consequently, Bradley sought clarification from the circuit court on whether he owed child support on his "additional income" for 2019 and 2020.

Purportedly, in an email opinion issued on February 24, the circuit court clarified its ruling regarding Bradley's additional income as it pertains to his child-support obligation. Following entry of the final order, this email opinion was then referenced in Bradley's motion to reconsider and set aside, arguing it resulted in a fundamental change in the court's original ruling. Further, on appeal, Bradley again brings forth arguments related to the circuit court's rulings on his additional income and the distinction, if any, between bonus income and commission income for purposes of his 2019 and 2020 child-support obligation.

A thorough review of the voluminous record before us reveals an absence of the February 24 email opinion written after the clarification hearing. Our rules provide that if anything material to either party is omitted from the record by error or accident, we may direct that the omission be corrected and that a supplemental record be certified and transmitted.[1] Because it contains

---

[1] *See* Ark. R. App. P.–Civ. 6(e) (2020).

information vital to the arguments and issues now before our court for appellate review, we are unable to address the merits of the case. Accordingly, this matter is remanded to supplement the record with the February 24, 2021, email opinion. The supplemental record is due in this court within fourteen days of the date of this opinion.

Remanded to supplement the record.

THYER and WOOD, JJ., agree.

*LaCerra, Dickson, Hoover & Rogers, PLLC*, by: *Natalie Dickson* and *Lauren Hoover*, for appellant/cross-appellee.

*Dusti Standridge*, for appellee/cross-appellant.